# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COOLTVNETWORK.COM, INC. <br><br> Plaintiff, <br><br> v. <br><br> BLACKBOARD INC., <br><br> Defendant. | C.A. No. 19-00291-LPS-JLH <br><br> JURY TRIAL DEMANDED |
| COOLTVNETWORK.COM, INC. <br><br> Plaintiff, <br><br> v. <br><br> FACEBOOK, INC., <br><br> Defendant. | C.A. No. 19-00292-LPS-JLH <br><br> JURY TRIAL DEMANDED |
| COOLTVNETWORK.COM, INC. <br><br> Plaintiff, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant. | C.A. No. 19-00293-LPS-JLH <br><br> JURY TRIAL DEMANDED |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC. | : | C.A. No. 19-00294-LPS-JLH |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| KALTURA, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC. | : | C.A. No. 19-295-LPS-JLH |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| LIMELIGHT NETWORKS, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC. | : | C.A. No. 19-296-LPS-JLH |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| MICROSOFT CORPORATION | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC. | : | C.A. No. 19-297-LPS-JLH |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| OOYALA, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC. | : | C.A. No. 19-534-LPS-JLH |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| SNAP, INC., | : | |
| Defendant. | : | |

| | | |
|---|---|---|
| COOLTVNETWORK.COM, INC. | : | C.A. No. 19-535-LPS-JLH |
| Plaintiff, | : | JURY TRIAL DEMANDED |
| v. | : | |
| TRAPELO CORP., | : | |
| Defendant. | : | |

## **SCHEDULING ORDER [PATENT]**

This 1st day of June, 2020, the Court having conducted an initial scheduling conference pursuant to Federal Rule of Civil Procedure 16(b) and Local Rule 16.1(b), and the parties having determined after discussion that the matter cannot be resolved at this juncture by

settlement, voluntary mediation, or binding arbitration;

IT IS HEREBY ORDERED that:

1. <u>Rule 26(a)(l) Initial Disclosures and E-Discovery Default Standard</u>. Unless otherwise agreed to by the parties, the parties shall make their initial disclosures pursuant to Federal Rule of Civil Procedure 26(a)(l) within fourteen (14) days of the date the Court enters this Order. Counsel will confer and attempt to reach an agreement on a proposed ESI Order and submit it to the Court within thirty (30) days from the date of entry of this Order. Should counsel be unable to reach an agreement on a proposed ESI Order, counsel must follow the provisions of Paragraph 8(g) below.

2. <u>Joinder of Other Parties and Amendment of Pleadings</u>. All motions to join other parties, and to amend or supplement the pleadings, shall be filed on or before **March 18, 2021,** with the exception of amendments to plead inequitable conduct, which shall be filed on or before **November 1, 2021.**

3. <u>Application to Court for Protective Order</u>. Should counsel find it will be necessary to apply to the Court for a protective order specifying terms and conditions for the disclosure of confidential information, counsel should confer and attempt to reach an agreement on a proposed form of order and submit it to the Court within thirty (30) days from the date of entry of this Order. Should counsel be unable to reach an agreement on a proposed form of order, counsel must follow the provisions of Paragraph 8(g) below.

Any proposed protective order must include the following paragraph:

> <u>Other Proceedings</u>. By entering this order and limiting the disclosure of information in this case, the Court does not intend to preclude another court from finding that information may be relevant and subject to disclosure in

        another case. Any person or party subject to this order who becomes subject to a motion to disclose another party's information designated "confidential" [the parties should list any other level of designation, such as "highly confidential," which may be provided for in the protective order] pursuant to this order shall promptly notify that party of the motion so that the party may have an opportunity to appear and be heard on whether that information should be disclosed.

    4.    <u>Papers and Proceedings Under Seal</u>.  In accordance with section G of the Revised Administrative Procedures Governing Filing and Service by Electronic Means, a redacted version of any sealed document shall be filed electronically within seven days of the filing of the sealed document.

    Should any party intend to request to seal or redact all or any portion of a transcript of a court proceeding (including a teleconference), such party should expressly note that intent at the start of the court proceeding.  Should any party subsequently choose to make a request for sealing or redaction, it must, promptly after the completion of the transcript, file with the Court a motion for sealing/redaction, and include as attachments (1) a copy of the complete transcript highlighted so the Court can easily identify and read the text proposed to be sealed/redacted, and (2) a copy of the proposed redacted/sealed transcript. With their request, the party seeking redactions must demonstrate why there is good cause for the redactions and why disclosures of the redacted material would work a clearly defined and serious injury to the party seeking redaction.

    5.    <u>Courtesy Copies</u>.  The parties shall provide to the Court two courtesy copies of all briefs and any other document filed in support of any briefs (*i.e.*, appendices, exhibits, declarations, affidavits etc.). This provision also applies to papers filed under seal. All courtesy copies shall be double-sided.

    6.    <u>ADR Process</u>.  Having discussed the ADR process during the scheduling

conference, the Court will schedule one or more teleconferences to discuss ADR with the parties during the pendency of this case.

    7.    <u>Disclosures</u>.  Absent agreement among the parties, and approval of the Court:

    a.    By **May 15, 2020**, Plaintiff[1] shall identify the accused product(s), including accused methods and systems, and its damages model, as well as the asserted patent(s) and the asserted claims that the accused product(s) allegedly infringe(s).  Plaintiff shall also produce the file history for each asserted patent.

    b.    By **October 15, 2020**, Defendants shall produce core technical documents related to the accused product(s), sufficient to show how the accused product(s) work(s), including but not limited to non-publicly available operation manuals, product literature, schematics, and specifications.

    c.    By **November 12, 2020**, Plaintiff shall produce an initial claim chart relating each known accused product to the asserted claims each such product allegedly infringes.

    d.    By **January 28, 2021,** Defendants shall produce their initial invalidity contentions for each asserted claim, as well as the known related invalidating references.

    e.    Within **30 days** after the Court issues its claim construction order, Plaintiff shall provide its final identification of accused products and final infringement contentions.

    f.    Within **30 days** after the receipt of Plaintiff's final identification of accused products and final infringement contentions from sub-paragraph (e) above, Defendants shall provide their final identification of asserted prior art and final invalidity contentions.

---

[1] For purposes of this Scheduling Order, Plaintiff and Defendants are defined as set forth in the Default Standard for Discovery, Including Discovery of Electronically Stored Information ("ESI"), ¶ 4.

8. <u>Discovery</u>.  Unless otherwise ordered by the Court or agreed to by the parties, the limitations on discovery set forth in Local Rule 26.1 shall be observed.  All non-Markman discovery, except for disclosures made pursuant to Paragraph 7, shall be stayed until the Court issues its claim construction order.

    a. <u>Discovery Cut Off</u>.  All discovery in this case shall be initiated so that it will be completed on or before **January 28, 2022**.

    b. <u>Document Production</u>.  Document production shall be substantially complete by **June 15, 2021**.

    c. <u>Requests for Admission</u>.  A maximum of 25 requests for admission are permitted for each ***SIDE***, excluding requests directed at authentication (subject to an objection of undue burden).

    d. <u>Interrogatories</u>.

        i. Plaintiff is permitted twenty-five (25) interrogatories for each Defendant. Each defendant may serve up to twenty-five (25) interrogatories on Plaintiff.

        ii. The Court encourages the parties to serve and respond to contention interrogatories early in the case.  In the absence of agreement among the parties, contention interrogatories, if filed, shall first be addressed by the party with the burden of proof.  The adequacy of all interrogatory answers shall be judged by the level of detail each party provides; i.e., the more detail a party provides, the more detail a party shall receive.

  e. <u>Depositions</u>.

    i. <u>Limitation on Hours for Deposition Discovery</u>.  Plaintiff may take up to a total of 100 hours of fact deposition total, with no more than 35 hours of any one Defendant.  Defendants may collectively take up to 100 hours of Plaintiff.  This limit does not apply to third party or expert depositions.  The named inventor may be deposed for up to a total of 14 hours collectively in his personal capacity by the Defendants, and an additional 14 hours should he also be designated as Plaintiff's 30(b)(6) witness.  Defendants agree to use their best efforts to avoid duplicative questioning.  If any party seeks to alter the limits set forth above, the parties shall meet and confer in good faith to attempt to resolve the issue without intervention by the Court.

    ii. <u>Location of Depositions</u>. The parties shall schedule depositions at a mutually agreeable location, or, if the parties are unable to agree on a location, within ten miles of the principal place of business of the witness.

  f. <u>Disclosure of Expert Testimony</u>.

    i. <u>Expert Reports</u>.  For the party who has the initial burden of proof on the subject matter, the initial Federal Rule 26(a)(2) disclosure of expert testimony is due on or before **February 24, 2022**.  The supplemental disclosure to contradict or rebut evidence on the same

        matter identified by another party is due on or before **March 24, 2022**. Reply expert reports from the party with the initial burden of proof are due on or before **April 14, 2022**. No other expert reports will be permitted without either the consent of all parties or leave of the Court. Along with the submissions of the expert reports, the parties shall advise of the dates and times of their experts' availability for deposition. Expert discovery shall be completed by **May 5, 2022**.

ii. <u>Expert Report Supplementation</u>. The parties agree they will permit expert declarations to be filed in connection with motions briefing (including case-dispositive motions). Such declarations shall be limited to opinions previously disclosed in timely served expert reports.

iii. <u>Objections to Expert Testimony</u>. To the extent any objection to expert testimony is made pursuant to the principles announced in *Daubert v. Merrell Dow Pharm., Inc*., 509 U.S. 579 (1993), as incorporated in Federal Rule of Evidence 702, it shall be made by motion no later than the deadline for dispositive motions set forth herein, unless otherwise ordered by the Court. Briefing on such motions is subject to the page limits set out in connection with briefing of case dispositive motions.

g. <u>Discovery Matters and Disputes Relating to Protective Orders</u>.

   i. Any discovery motion filed without first complying with the following procedures will be denied without prejudice to renew pursuant to these procedures.

   ii. Should counsel find, after good faith efforts – including verbal communication among Delaware and Lead Counsel for all parties to the dispute – that they are unable to resolve a discovery matter or a dispute regarding a protective order, the moving party (*i.e.*, the party seeking relief from the Court) should file a "Motion for Teleconference To Resolve [Discovery/Protective Order] Disputes." The suggested text for this motion can be found in Magistrate Judge Hall's section of the Court's website, in the "Forms" tab.

   iii. The Court will thereafter order a discovery telephone conference and deadlines for submissions. On the date set by court order, generally not less than seventy-two hours prior to the conference (excluding weekends and holidays), the party seeking relief shall file with the Court a letter, not to exceed three pages, outlining the issues in dispute and its position on those issues. This submission shall include: (1) a proposed order, attached as an exhibit, setting out the nature of the relief requested; and (2) to the extent that the dispute relates to responses to certain discovery requests, an attached exhibit

        (or exhibits) containing the requests and the responses in dispute. On the date set by court order, generally not less than forty-eight hours prior to the conference (excluding weekends and holidays), any party opposing the application for relief may file a letter, not to exceed three pages, outlining that party's reasons for its opposition.

    iv.    Each party shall submit two courtesy copies of its letter and any other document filed in support to the Clerk's Office within one hour of e-filing. All courtesy copies shall be double-sided.

    v.    Should the Court find further briefing necessary upon conclusion of the conference, the Court will order it. Alternatively, the Court may choose to resolve the dispute prior to the conference and cancel the conference.

9.    <u>Motions to Amend / Motions to Strike.</u>

    a.    Any motion to amend (including a motion for leave to amend) a pleading or any motion to strike any pleading shall be made pursuant to the discovery dispute procedure set forth in Paragraph 8(g), above.

    b.    Any motion to amend shall attach the proposed amended pleading as well as a "blackline" comparison to the prior pleading. Any motion to strike shall attach the document sought to be stricken.

10.    <u>Technology Tutorials</u>. Although technology tutorials are not required by the Court, they are appreciated and, if any party chooses to file such a tutorial, it shall be submitted on or before the date that the Joint Claim Construction Brief is filed. Comments on technology tutorials

shall be due one week after the tutorials are submitted.

   11. <u>Claim Construction Issue Identification</u>. On **June 2, 2020**, the parties shall exchange a list of those claim term(s)/phrase(s) that they believe need construction.  On **June 12, 2020**, the parties shall exchange their proposed claim construction of those additional term(s)/phrase(s).  This document will not be filed with the Court.  Subsequent to exchanging that list, the parties will meet and confer by **June 19, 2020,** and will prepare a Joint Claim Construction Chart to be filed by **July 1, 2020.**  The parties' Joint Claim Construction Chart should identify for the Court the term(s)/phrase(s) of the claim(s) in issue, and should include each party's proposed construction of the disputed claim language with citation(s) only to the intrinsic evidence in support of their respective proposed constructions.  A copy of the patent in issue as well as those portions of the intrinsic record relied upon shall be submitted with this Joint Claim Construction Chart.  In this joint submission, the parties shall not provide argument.

   12. <u>Claim Construction Briefing</u>.  The Plaintiff shall serve, but not file, its opening claim construction brief, not to exceed 20 pages on **July 17, 2020**.  The Defendants shall serve, but not file, their answering brief, not to exceed 30 pages on **August 17, 2020**.  The Plaintiff shall serve, but not file, its reply brief, not to exceed 20 pages, on **September 3, 2020**.  The Defendants shall serve, but not file, their sur-reply brief, not to exceed 10 pages, on **September 21, 2020**.  No later than **September 25, 2020**, the parties shall file a Joint Claim Construction Brief.  The parties shall copy and paste their unfiled briefs into one brief, with their positions on each claim term in sequential order, in substantially the form below.

**JOINT CLAIM CONSTRUCTION BRIEF**

I. Agreed-Upon Constructions

II.      Disputed Constructions

[TERM 1]

      1.     Plaintiff's Opening Position

      2.     Defendants' Answering Position

      3.     Plaintiff's Reply Position

      4.     Defendants' Sur-Reply Position

[TERM 2]

      1.     Plaintiff's Opening Position

      2.     Defendants' Answering Position

      3.     Plaintiff's Reply Position

      4.     Defendants' Sur-Reply Position

The parties need not include any general summaries of the law relating to claim construction. If there are any materials that would be submitted in an index, the parties shall submit them in a Joint Appendix.

    13.     <u>Hearing on Claim Construction</u>. Beginning at **2:00 p.m.** on **October 19, 2020,** the Court will hear argument on claim construction. The parties need not include any general summaries of the law relating to claim construction in their presentations to the Court. The parties shall notify the Court, by joint letter submission, no later than the date on which their joint claim construction brief is filed (i) whether they request leave to present testimony at the hearing; and (ii) the amount of time they are requesting be allocated to them for the hearing.

    14.     <u>Supplementation</u>. Absent agreement among the parties, and approval of the Court, no later than **the date on which their respective final contentions are due as set forth in**

**paragraphs 7.e and 7.f above,** the parties must finally supplement, *inter alia*, the identification of all accused products and of all invalidity references.

15. Interim Status Report. On **August 19, 2021**, counsel shall submit a joint letter to the Court with an interim report on the nature of the matters in issue and the progress of discovery to date. Thereafter, if the Court deems it necessary, it will schedule a status conference.

16. Trial Scheduling Conference. On **October 7, 2022** at **1:00 p.m.**, the Court will hold a conference to discuss the order and scheduling of trials. The parties shall submit a joint status letter setting forth their respective positions on trial scheduling no less than seven (7) days in advance of the trial scheduling conference.

17. Case Dispositive Motions. All case dispositive motions, an opening brief, and affidavits, if any, in support of the motion shall be served and filed on or before **June 2, 2022.** Briefing will be presented pursuant to the Court's Local Rules, as modified by this Order.

    a. Early Summary Judgment Following Claim Construction. Within **45 days** of the Court issuing its claim construction order, any party may file an early motion for summary judgment in view of that claim construction order, with briefing presented pursuant to the Court's Local Rules. The parties have agreed to refer any such early summary judgment motion to Magistrate Judge Hall, and will execute an AO85A Form no later than 7 days before the expiration of the 45-day deadline for filing the early motion for summary judgment. The executed AO85A form shall be attached to any motion filed pursuant to Paragraph 17(a). Notwithstanding the foregoing, no other case dispositive motion under Rule 56 may be filed more than ten days before the above date in paragraph 17 without leave of the Court.

    b. <u>Page limits combined with Daubert motion page limits</u>.  Each ***SIDE***[2] is permitted to file as many case dispositive motions as desired; provided, however, that each ***SIDE***[3] will be limited to a combined total of 40 pages for all opening briefs, a combined total of 40 pages for all answering briefs, and a combined total of 20 pages for all reply briefs regardless of the number of case dispositive motions that are filed.  In the event that a party files, in addition to a case dispositive motion, a *Daubert* motion to exclude or preclude all or any portion of an expert's testimony, the total amount of pages permitted for all case dispositive and *Daubert* motions shall be increased to 50 pages for all opening briefs, 50 pages for all answering briefs, and 25 pages for all reply briefs for each ***SIDE***.[4]

    c. <u>Hearing</u>.  The Court will hear argument on all pending case dispositive and *Daubert* motions on **July 26, 2022** beginning at **9:00 a.m**.  Unless otherwise ordered by the Court, each party will be allocated a total of forty-five minutes to present its argument on all pending motions.

 18. <u>Applications by Motion</u>.  Except as otherwise specified herein, any application to the Court shall be by written motion.  Any non-dispositive motion should contain the statement

---

[2] Given the number of Defendants in these actions, Defendants may need to request additional pages to address unique issues concerning the separate and discrete products involved in each of their respective cases.

[3] Given the number of Defendants in these actions, Defendants may need to request additional pages to address unique issues concerning the separate and discrete products involved in each of their respective cases.

[4] The parties must work together to ensure that the Court receives no more than a ***total*** of ***250 pages*** (i.e., 50 + 50 + 25 regarding one party's motions, and 50 + 50 + 25 regarding the other party's motions) of briefing on all case dispositive motions and *Daubert* motions that are covered by this scheduling order and any other scheduling order entered in any related case that is proceeding on a consolidated or coordinated pretrial schedule.

required by Local Rule 7.1.1.

19.  <u>Pretrial Conference</u>.  On **October 28, 2022,** the Court will hold a pretrial conference for the first trial in Court with counsel beginning at **9:00 a.m.**  Unless otherwise ordered by the Court, the parties should assume that filing the pretrial order satisfies the pretrial disclosure requirement of Federal Rule of Civil Procedure 26(a)(3).  The parties in the first trial shall file with the Court the joint proposed final pretrial order with the information required by the form of Revised Final Pretrial Order- Patent, which can be found on the Court's website (www.ded.uscourts.gov), on or before **October 21, 2022**.  Unless otherwise ordered by the Court, the parties shall comply with the timeframes set forth in Local Rule 16.3(d)(l )-(3) for the preparation of the joint proposed final pretrial order.

The parties shall provide the Court two (2) courtesy copies of the joint proposed final pretrial order and all attachments.

As noted in the Revised Final Pretrial Order- Patent, the parties shall include in their joint proposed final pretrial order, among other things:

a.  <u>a request for a specific number of hours for their trial presentations</u>, as well as a requested number of days, based on the assumption that in a typical jury trial day (in which there is not jury selection, jury instruction, or deliberations), there will be 5 ½ to 6 ½ hours of trial time, and in a typical bench trial day there will be 6 to 7 hours of trial time;

b.  <u>their position as to whether the Court should allow objections to efforts to impeach a witness with prior testimony</u>, including objections based on lack of completeness and/or lack of inconsistency;

c.  <u>their position as to whether the Court should rule at trial on objections to</u>

expert testimony as beyond the scope of prior expert disclosures, taking time from the parties' trial presentation to argue and decide such objections, or defer ruling on all such objections unless renewed in writing following trial, subject to the proviso that a party prevailing on such a post-trial objection will be entitled to have all of its costs associated with a new trial paid for by the party that elicited the improper expert testimony at the earlier trial; and

        d.       their position as to how to make motions for judgment as a matter of law, whether it be immediately at the appropriate point during trial or at a subsequent break, whether the jury should be in or out of the courtroom, and whether such motions may be supplemented in writing.

        20.       Motions *in Limine*: Motions *in limine* shall not be separately filed. All *in limine* requests and responses thereto shall be set forth in the proposed pretrial order. Each side[5] shall be limited to three *in limine* requests, unless otherwise permitted by the Court. The *in limine* request and any response shall contain the authorities relied upon; each *in limine* request may be supported by a maximum of three pages of argument, may be opposed by a maximum of three pages of argument, and the party making the *in limine* request may add a maximum of one additional page in reply in support of its request. If more than one party is supporting or opposing an *in limine* request, such support or opposition shall be combined in a single three page submission (and, if the moving party, a single one page reply), unless otherwise ordered by the Court. No separate briefing shall be submitted on *in limine* requests, unless otherwise permitted by the Court.

        21.       Jury Instructions, Voir Dire, and Special Verdict Forms. Where a case is to be tried

---

[5] Given the number of Defendants in these actions, Defendants may need to request additional pages to address unique issues concerning the separate and discrete products involved in each of their respective cases.

to a jury, pursuant to Local Rules 47 and 51 the parties should file (i) proposed voir dire, (ii) preliminary jury instructions, (iii) final jury instructions, and (iv) special verdict forms three (3) business days before the final pretrial conference. This submission shall be accompanied by a courtesy copy containing electronic files of these documents in Word Perfect or Microsoft Word format, which may be submitted by e-mail to Judge Stark's staff.

22. <u>Trial</u>. The first trial is scheduled for a 5-day jury trial beginning at **9:30 a.m.** on **November 7, 2022**, with the subsequent trial days beginning at 9:00 a.m. Until the case is submitted to the jury for deliberations, the jury will be excused each day at 4:30 p.m. The trial will be timed, and counsel will be allocated a total number of hours in which to present their respective cases.

23. <u>Judgment on Verdict and Post-Trial Status Report</u>. Within seven days after a jury returns a verdict in any portion of a jury trial, the parties shall jointly submit a form of order to enter judgment on the verdict. At the same time, the parties shall submit a joint status report, indicating among other things how the case should proceed and listing any post-trial motions each party intends to file.

24. <u>Post-Trial Motions</u>. Unless otherwise ordered by the Court, each ***SIDE***[6] is limited to a maximum of 20 pages of opening briefs, 20 pages of answering briefs, and 10 pages of reply briefs relating to any post-trial motions filed by that party, no matter how many such motions are filed.

_____<br>
UNITED STATES MAGISTRATE JUDGE

---

[6] Given the number of Defendants in these actions, Defendants may need to request additional pages to address unique issues concerning the separate and discrete products involved in each of their respective cases.

[Counsel Shall Provide a Chart of All Relevant Deadlines]

| EVENT | DEADLINE |
|---|---|
| Fed R. Civ. P. 26(a)(l) Initial Disclosures | Within 14 days of the date the Court enters this Order |
| Deadline to submit Protective Order | Within 30 days from the date the Court enters this Order |
| Plaintiff Identifies accused products & asserted patent claims | May 15, 2020 |
| Exchange of Claim Terms Needing Construction | June 2, 2020 |
| Exchange Proposed Claim Construction Chart for Additional Terms | June 12, 2020 |
| Deadline to meet and confer Re: Claim Construction Chart | June 19, 2020 |
| Joint Claim Construction Chart | July 1, 2020 |
| Plaintiff's Opening Claim Construction Brief | July 17, 2020 |
| Defendants' Responsive Claim Construction Briefs | August 17, 2020 |
| Plaintiff's Reply Claim Construction Brief | September 3, 2020 |
| Defendants' Sur-Reply Claim Construction Briefs | September 21, 2020 |
| Joint Claim Construction Brief and Technology Tutorial Submission | September 25, 2020 |
| Hearing on Claim Construction | October 19, 2020 at 2:00 p.m. Eastern |
| Production of Core Technical Documents for Accused Products | October 15, 2020 |
| Plaintiff Initial Claim Chart | November 12, 2020 |
| Initial Invalidity Contentions and Invalidating References | January 28, 2021 |
| Joinder of Parties and Amendment of Pleadings, except as to inequitable conduct | March 18, 2021 |
| Substantial Completion of Document Production | June 15, 2021 |
| Interim Status Report | August 19, 2021 |
| Final Infringement Contentions | 30 days after claim construction order |
| Deadline for Filing Early Summary Judgment Motion Following Claim Construction | 45 days after claim construction order |
| Final Invalidity Contentions | 30 days after receipt of final infringement contentions |
| Parties finally supplement the identification of all accused products and of all invalidity references | by date of respective final contentions |

| EVENT | DEADLINE |
|---|---|
| Deadline to plead inequitable conduct | November 1, 2021 |
| Fact Discovery Cut Off | January 28, 2022 |
| Opening Expert Reports | February 24, 2022 |
| Rebuttal Expert Reports | March 24, 2022 |
| Reply Expert Reports | April 14, 2022 |
| Expert Discovery Cut Off | May 5, 2022 |
| Case Dispositive and *Daubert* Motions Deadline | June 2, 2022 |
| Case Dispositive and *Daubert* Motion Hearing | July 26, 2022 at 9:00 a.m. Eastern |
| Trial Scheduling Conference | October 7, 2022 at 1:00 p.m. Eastern |
| Joint Pre-Trial Order | October 21, 2022 |
| Pretrial Conference | October 28, 2022 at 9:00 a.m. Eastern |
| 1st 5-day Jury Trial | November 7, 2022 |